THE PEOPLE, ETC., *ex rel.* WILLIAM BILLINGS

*v.*

DAVID RIGGS.

1. LEGAL TENDER NOTES — *redemption from tax sale under revenue law of* 1853. Where land was sold for taxes while section 43 of the revenue law of February 12, 1853, was in force, which required that the redemption money from such sales should be paid in specie, it was *held* incompetent for the legislature, after the sale, to provide for the redemption to be made in United States legal tender notes. And so much of the act of January 12, 1863, as provided for the redemption from sales for taxes theretofore made, in legal tender notes, was unconstitutional and void.

2. Nor did the several acts of congress of 1862 and 1863, making United States treasury notes a legal tender for debts, have the effect of making such notes a legal tender for the redemption of lands sold for taxes before their passage, and while the provision of the revenue law of this State, of February 12, 1853, requiring such redemption to be made in specie, was still in force.

THIS is an application to this court, in the name of the people on the relation of William Billings, for a writ of mandamus, to compel David Riggs, as sheriff of Warren county, to execute to him a deed to certain premises, purchased by the applicant at a sale thereof for taxes. The questions arising are fully presented in the opinion of the court.

Mr. A. G. KIRKPATRICK, for the relator.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The defendant entered his appearance, waived the issuing of an alternative writ, and, it is agreed, that he, as sheriff of Warren county, had refused to make the tax title deed when demanded, and that the former owner had paid the proper sum to redeem the land from the tax sale in United States legal tender notes, within two years after the sale, and

that the clerk, at the time, gave a certificate of redemption. It is also agreed that all other questions are waived, and only the question whether this is a valid redemption is presented for decision.

The owner of the land is not, nor can he be, a party to this proceeding; and the defendant has filed no argument, nor has he referred to, any authorities, nor has the owner of the land caused any argument to be presented.

The forty-third section of the revenue act (Gross' Comp. 606), in force at the time this sale was made, declares that the owner of lands sold for taxes may redeem at any time before the expiration of two years from the date of sale, by the payment, in specie, to the clerk, etc., of double the amount for which the same was sold, and all taxes, etc. Under this provision the right became vested in the owner, and it was an absolute, unconditional right, to redeem from the sale, on the terms and conditions specified in the act. It was not contingent or uncertain, nor could the purchaser alter or deprive the owner of the right, nor could he, by any means, be prevented from exercising the right within the period limited for the purpose; and the rights of the parties were reciprocal, the one to redeem, and the other to receive the redemption money when redeemed. It was, in the purchaser, a vested right to have a deed, if not redeemed within the time and in the mode pointed out by the statute; and there can not be the shadow of a doubt that, so long as this statute remained in force, he had the right to have the money when the land should be redeemed, in specie, as the statute had declared he should.

But the general assembly, on the 12th day of January, 1863 (Session Laws, p. 82), passed an act, the second section of which declares that all real estate heretofore sold, or hereafter to be sold, for taxes, may be redeemed in the manner now provided, with United States legal tender treasury notes and postage currency, the latter in sums, however, not exceeding five dollars.

As a general, if not a uniform, rule, vested rights, whether

executory or executed, are beyond legislative control, except in appropriating the property of the citizen to public use upon compensation made for the deprivation of the right. Contracts between individuals, titles to property, compensation for injuries sustained, debts owing from one person to another, are all such vested rights as can not be transferred, released or discharged by legislative action. The legislature may change the remedy, but, by doing so, they can not impair the right itself. That must be left as perfect and complete as it was before the change of the remedy.

It must be perfectly apparent to every one, that the legislature, under the constitution, was powerless to release the owner of this land from its redemption. To have done so would have deprived the purchaser of his right, at the end of the two years from the time of the sale, to either receive a tax deed for the land, or to have received the redemption money; nor could they have authorized him to pay one-half of the sum the law had declared should be requisite; nor will it be contended that, after the purchase was made, the legislature could have compelled the purchaser to receive auditor's warrants, county orders, bank or promissory notes. And why? Because it would have deprived him of his right, under the purchase, either to obtain the title to the land, or the redemption money in specie, as the law declared he should when he entered into the contract to purchase the land for the taxes. This was his contract, and the legislature had no power to alter or abridge his rights under the agreement.

The States are prohibited by the constitution of the United States from making any thing but gold and silver coin a legal tender. So that it will not be urged that the legislature have made these notes a legal tender for this redemption. If it is a legal tender for that purpose, it is so not by State, but by national legislation. The legislature may, no doubt, declare that the State will receive all or any portion of the dues to itself, in any species of money or even in commodities of property or choses in action. It may, no doubt, declare that

in all future sales of land for taxes, the owner may redeem in notes, bills, money, grain, or any species of property, and if any one should become a purchaser, he could not object to such a redemption, because it was the law, and it entered into his contract for the purchase.

But it becomes necessary to determine whether the act of congress adopted on the 25th of February, 1862, was designed to make the treasury notes authorized to be issued, a legal tender in such cases as the present. It is deemed unnecessary to determine whether they are constitutionally a legal tender for private debts, as that question is not presented by this record. The act declares that such notes are a legal tender for all debts, public or private, except duties on imports and interest on the public debt.

Since the petition in this case was filed, the supreme court of the United States, in the case of *Bronson* v. *Rodes*, 7 Wal. 229, have held, that the clauses in the several acts of 1862 and 1863, making United States treasury notes a legal tender for debts, have no reference to a bond given in 1851, payable in gold and silver coin, lawful money of the United States, nor where it appears to have been the clear intent of the parties that payment or satisfaction of an obligation should be made in coin. *Butler* v. *Horwitz*, 7 Wal. 258. And again, in the case of *Hepburn* v. *Griswold*, 8 id. 603, the same court held, that those acts in no wise apply to private debts created by contracts entered into before they were passed.

The act of the legislature under which this land was sold, and providing for its redemption, having declared that redemption should be made in specie, the right of the purchaser to demand specie for redemption was as complete as if it had been a debt contracted before the passage of those laws. Such a redemption is as clearly within these decisions as are contracts for the payment of money entered into by parties before congress adopted those acts. As the effect of redemptions from such sales made after the passage of these acts by congress is not now before us, we, on that question, refrain from the expres-

sion of any opinion. There having been no redemption in gold or silver coin in this case, a peremptory writ of mandamus is awarded.

*Mandamus awarded.*