THE PEOPLE *ex rel.* Samuel H. McCrea, Collector, etc.

*v.*

GEORGE L. THATCHER.

*Filed at Ottawa May 18, 1880.*

1.   STATUTE—*construction as to being retrospective.*   It is a doctrine applicable to all laws, that it will not be supposed the legislature intended a law should have a retrospective operation, except when that intention has been manifested by the most clear and unequivocal expression.

2.   TAXES—*act of 1879 adding one per cent per month interest.*   Section 177 of the Revenue law, as amended by the act of 1879, which took effect July 1, 1879, providing that all unpaid taxes on real estate from and after the first day of May shall bear interest at the rate of one per cent a month until paid or forfeited, has no application to taxes assessed and levied before the amendatory act took effect.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Mr. CONSIDER H. WILLETT, for the appellant:

Section 177, as amended, was in force July 1, 1879, and should govern all delinquent taxes the same on that day as at any subsequent time. There is no exception, in the law itself, that it shall not operate on that day, and no reason is perceived why it was not in force at the date required by the constitution.

A statute giving municipalities the right to sell land for taxes, has been held to apply to past delinquencies, on the ground that it was remedial. *Haskell* v. *Burlington,* 30 Ia. 232.

There can be no pretence that this legislation is retroactive. We only ask that after July 1, 1879, it shall have full power.

Unless a different time is specified in the constitution or the law, it takes effect from its approval. *Mathews* v. *Zanes,* 7 Wheat. 174; *Taylor* v. *State,* 31 Ala. 383; 33 Pa. St. 202; *Mallory* v. *Hiles,* 4 Met. (Ky.) 53; *Kennedy* v. *Palmer,* 6 Gray, 316; *Charles* v. *Lamberson,* 1 Clark (Ia.) 435; *Supervisors* v. *Keady,* 34 Ill. 293; *Wheeler* v. *Cuffuck,* 16 id. 361; Sedg. on Const. Law, 66–68; Potter's Dwarris on Stat. and Const. 100, p. 3.

Mr. GEORGE L. THATCHER, for the appellee, insisted on the following points, among others:

1. Section 177 of the Revenue law, as amended (Laws of 1879), is not applicable to taxes levied for the year A. D. 1878, and prior years. *Dash* v. *Vankleek,* 7 Johns. 877; *Sawyer* v. *Wisner,* 8 Wend. 661; *State* v. *Atwood,* 11 Wis. 422; *Price* v. *Molt,* 52 Penn. 315; *Albert* v. *State,* 10 Ohio; *State* v. *Barber,* 3 Ind. 258; *Oakland* v. *Whipple,* 44 Cal. 303; *Commonwealth* v. *Penn. Ins. Co.* 13 Penn. 165; *Gerry* v. *Stoneham,* 1 Allen, 319; Cooley on Taxation, p. 221; *Garrett* v. *Wiggins,* 1 Scam. 335; *Bruce* v. *Schuyler,* 4 Gilm. 221; *Thompson* v. *Alexander,* 11 Ill. 54; *In re Esther Tuller,* deceased, 79 id. 107.

2. The amended statute does not authorize and require the court to give judgment for this penalty specifically. See *Merritt* v. *Thompson,* 13 Ill. 725 ; *Bryan* v. *Smith,* 2 Scam. 49 ; *The People* v. *Smith,* 94 Ill. 226.

3. The amended statute is invalid, because its enforcement would lead to the violation of the rule of uniformity in taxation. Sec. 1 art. 9 Const. 1870 ; *Scammon* v. *City of Chicago,* 44 Ill. 271; *City of Chicago* v. *Larned,* 34 id. 203 ; *The People* v. *Bradley,* 39 id. 140.

It will be perceived, from the record of this case in the court below, that the proceedings for the collection of these taxes were in progress, and the county court obtained jurisdiction thereof, long prior to the taking effect of the amended statute. This court has repeatedly held that the filing of the delinquent list gives the court below jurisdiction. *Morrill* v. *Swartz,* 39 Ill. 108 ; *Fox* v. *Turtle,* 55 id. 377.

In order to make the statute applicable it will be necessary to give it a retrospective operation, when there is nothing in the context to imply a manifest intention that it should have such operation. It is also established, in this State, that every statute should be given a prospective operation only, unless its terms imply a legislative intent that it should have a retrospective operation. *Garrett* v. *Wiggins,* 1 Scam. 335 ; *Bruce* v. *Schuyler,* 4 Gilm. 221 ; *Thompson* v. *Alexander,* 11 Ill. 54 ; *In re Esther Tuller,* deceased, 79 id. 107.

The court properly refused to give judgment for one per cent damages ; for if the statute was applicable in that case, as to the form of the judgment, it was a matter of discretion with the court whether it would give judgment for taxes, interest and costs, without specifying items and amounts, or not, for the amount of costs would depend upon the time the delinquent should pay his taxes, or the collector sell his lands. The determining the exact amount of costs and interest being simply a clerical duty, that could only be accurately performed by the county clerk and collector at the time taxes should be paid or sale of land made. *Bryan* v.

*Smith,* 2 Scam. 49 ; *Merritt* v. *Thompson,* 13 Ill. 725 ; *Jackson* v. *Cummings,* 15 id. 449 ; *The People* v. *Smith,* 94 id. 226.

4. The provision contained in section 177, as amended, providing for a penalty to be imposed for delay in payment of taxes after May 1, is void, being in conflict with section 1 article 9 constitution 1870.

This section of our present constitution is almost identical with section 2 article 9 constitution 1848.

In construing that section of the constitution this court has held in many cases, notably among which are, *City of Chicago* v. *Larned,* 34 Ill. 203, *The People* v. *Bradley,* 39 id. 140, *City of Ottawa* v. *Spencer,* 40 id. 211, *Scammon* v. *City of Chicago,* 44 id. 271, that any law attempting to levy a tax on any other basis than valuation is void and of no effect.

Mr. Justice Scott delivered the opinion of the Court:

This was an application for judgment against delinquent lands for the taxes of 1878. It was brought to the June term, 1879, but judgment was not in fact rendered until the 7th day of July, 1879.

Section 177 of the Revenue law, as amended by the act of 1879, was then in force, and had been since the first day of that month. That section, as amended, provides: "All real estate upon which taxes remain due and unpaid on the 10th day of March annually, or at the time the town or district collector makes return of his books to the county collector, shall be deemed delinquent, and all such due and unpaid taxes shall bear interest, after the first day of May, at the rate of one per cent a month until paid or forfeited."

The relator moved the court to add one per cent to each judgment respectively, in accordance with the statute cited, but the court overruled the motion, and that decision is assigned for error.

Clearly the decision is correct. The law had only taken effect July 1, 1879, just seven days before judgment was rendered. It had no application to taxes for the year 1878, for

Syllabus.

which judgment was sought. There is nothing that indicates the legislature intended the act of 1879, amendatory of section 177 of the Revenue law, should have any retroactive operation, and there is no authority for giving it any such effect by construction. It is a doctrine applicable to all laws, that it will not be supposed the legislature intended a law should have a retrospective operation, unless where that intention has been manifested by the most clear and unequivocal expression. *In re Tuller*, 79 Ill. 99.

Construing the act of 1879 as having no application to taxes levied and assessed before its passage, as we must do, the decision of the county court is correct, and must be affirmed.

*Judgment affirmed.*