THE PEOPLE, FOR USE OF MACON COUNTY,

V.

EDMISTON MCCLELLAN ET AL.

*Fees—Clerks of Courts—Construction of Statutes.*

The law of 1881, providing that clerks and sheriffs should pay to the county treasurer, at the expiration of their terms of office, certain costs and fees, was prospective only; therefore under a bond given by a clerk of a Circuit Court for a term beginning December, 1880, such clerk was not liable for fees collected by him during previous terms and remaining in his hands when the bond in question was given.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Macon County; the Hon. E. P. VAIL, Judge, presiding.

Mr. W. C. OUTTEN, for appellants.

Messrs. CREA & EWING, JOHNS & RANDOLPH and I. A. BUCKINGHAM, for appellees.

CONGER, P. J.    Appellee McClellan was elected clerk of the Circuit Court of Macon County, in 1868, and has remained in such office ever since by successive elections.

In 1881 a law was enacted, going into force the 1st day of July, 1881, the first section of which provided:

"That the clerk of any court of record or sheriff of any county of this State shall, at the expiration of his term of office, pay to the treasurer of the county in which his court is held, all costs and fees collected and remaining in his hands, together with a statement of names of persons and amount due to each; *provided, however,* that nothing in this section shall apply to any costs and fees of such clerk or sheriff, and belonging to him." .Hurd's Stat. Ill., 1889, p. 380.

McClellan was then clerk under the election of 1880, and had in his hands costs and fees, much of which had come to his hands during his preceding terms of office.   He paid over as provided, most of such fees and costs as were received by

him during the term upon which he had then entered, but refused to pay over those which came to his hands prior to that term.

Suit was brought against McClellan and his sureties upon the official bond given by him as clerk, when he qualified under his election in 1880. Pleas were filed, to which a demurrer was interposed and overruled by the court below. Appellants elected to stand by the demurrer, whereupon judgment was entered against appellants for costs.

It is not necessary to set forth the pleadings at length, as the principal question raised by them is, whether, under the bond given by McClellan for his term beginning December, 1880, there is a liability for fees collected by him as such clerk during previous terms, and remaining in his hands when the bond sued on was executed. This, of course, depends upon the construction to be given to Sec. 1 of the law of 1881, *supra.*

"It is a general rule that all statutes shall operate prospect. ively only, and courts never give them a retrospective operation, unless the Legislature use such language as to leave no doubt that such was their intention." Garrett v. Wiggins, Beecher's Breese, 287.

"It will not be supposed the Legislature intended a law should have a retrospective operation, except when that intention has been manifested by the most clear and unequivocal expression." The People v. Thatcher, 95 Ill. 109.

"A statute is to operate *in futuro* only, unless it clearly appears that it was the intention of the Legislature to make it retroactive; this intention must be manifested by clear, unequivocal expressions." Thompson v. Alexander, 11 Ill. 54.

By the 4th section of this law of 1881, it is provided that all costs and fees not claimed by the person entitled thereto within five years, shall be returned to the party paying the same, and in case the party so paying said costs and fees shall not claim them within ten years, they are forfeited to the county.

We think it is clear that this section was never intended to apply to existing rights; that persons having a claim upon

the clerk for costs or fees, due them prior to its passage, would not be affected by its provision, but could require the clerk to pay to them such costs and fees as they might be entitled to, notwithstanding the clerk might have paid them over to the treasurer. We hold that the law in all its sections was intended to operate prospectively only, and that the clerk was not required by its provisions to pay into the county treasury fees collected by him (and belonging to others than the county) during his previous terms, and remaining in his hands when the bond sued on was executed.

The judgment of the Circuit Court will therefore be affirmed.

*Judgment affirmed.*