(Nos. 26359, 26432.—

MAURITZ BENGSON *et al.,* Appellees, *vs.* THE CITY OF KE-WANEE *et al.,* Appellants.—HENRY KOHLER *et al.,* Appellees, *vs.* THE CITY OF KEWANEE *et al.,* Appellants.

*Opinion filed September 21, 1942.*

PAUL A. CUSHMAN, LEONARD D. QUINN, GEORGE W. HUNT, and CHARLES W. BLACHINSKY, for appellants.

J. P. WILAMOSKI, JAMES H. ANDREWS, HARPER ANDREWS, JAMES B. YOUNG, and GREGG A. YOUNG, for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

In No. 26359, Bengson et al. v. City of Kewanee et al. appellee Bengson filed a complaint in the city court of Kewanee on August 5, 1939. This complaint consisted of one count. It alleged that appellee Bengson was employed

as a fireman by the city of Kewanee for a period from July 1, 1937, to April 30, 1939; that during said period he was paid wages or salary at the rate of $105 per month; that under the Firemen's Minimum Wage act (Ill. Rev. Stat. 1941, chap. 24, par. 12-2) he was entitled to $150 per month. He demanded a money judgment against the city of Kewanee, which was the only defendant named in that complaint, for the amount alleged to be due him.

On December 27, 1941, an amended complaint was filed consisting of three counts. In this complaint, appellee Polowy was also named as a plaintiff. The record does not show that he asked or obtained leave to become a party plaintiff, or how or in what manner he was made a party. There was, so far as the record shows, no effort made to comply with section 25 of the Civil Practice act. (Ill. Rev. Stat. 1941, chap. 110, par. 149.) By the first count of the amended complaint, the same facts were alleged and the same relief was asked as in the original complaint. The second count in the amended complaint sought recovery upon the *quantum meruit*, based upon the reasonable value of the services rendered. This count also asked for a money judgment, as in assumpsit, against the city of Kewanee.

Count three in the amended complaint named appellees Bengson and Polowy, as "Petitioners." It also named, in addition to the city of Kewanee, the individual appellants who were alleged to be the mayor, council members and other officers of the city of Kewanee, as defendants. By this count, substantially the same facts were averred as in the first and second counts. Paragraph five of this count is as follows:

"That plaintiffs were members of the regularly constituted Fire Department of said city, and as such have performed and did perform their regular duties as members of said Fire Department and are entitled to receive a minimum salary of $150 per month and have requested the defendants to comply with the provisions of the statute pro-

viding for such minimum salary but that said defendants have not complied with the provisions of the aforesaid act, and that each of the plaintiffs herein have been receiving from the defendants various sums of money in amounts less than $150 per month subsequent to July 1, 1937, purporting to be their monthly salaries." It nowhere appears from this count, the amounts they received for such services, or the amounts they claimed to be due them, for such services.

By the prayer in this count, appellees prayed for a writ of *mandamus* against all the defendants, directing them to pay appellees, from funds available in the treasury of the city of Kewanee, and from other sources available, the difference between the salaries paid them during the period mentioned in that count, and $150 per month and for attorneys fees, and to appropriate in the annual appropriation ordinance for the year 1941, any unpaid difference between the salaries paid them and the amount due under said Minimum Wage act, (Ill. Rev. Stat. 1941, chap. 24, par. 12-2,) and to do such other acts as justice might require.

Thereafter, a joint motion was filed by the defendants to strike the amended complaint. This motion was sustained as to counts one and two, but overruled as to the third count. The defendants elected to stand by their motion to strike and refused to plead further, whereupon judgment was entered awarding the writ of *mandamus*. The writ as awarded, commanded the defendants to pay to each of the plaintiffs, the difference between the salary paid him for services rendered, during the period in question, and $150 per month. It further ordered the defendants to appropriate, in the next annual appropriation ordinance for the city, "any unpaid salary" due the plaintiffs. By the judgment the costs were taxed against the defendants and an execution therefor was ordered to issue against all defendants, including the city.

From this judgment the defendants have perfected this appeal.

In cause No. 26432, Kohler *et al.* v. City of Kewanee *et al.* a petition was filed by Kohler and fourteen other firemen, and by appellee Burns and fourteen other policemen, of the city of Kewanee, for a writ of *mandamus.* The petition consists of two counts. In count one, it is alleged that Kohler and fourteen other named petitioners were employed by the city of Kewanee as firemen for certain definite periods set out in that count, between July 13, 1937, and April 30, 1941; that they were entitled to receive, under the Firemen's Minimum Wage act, (Ill. Rev. Stat. 1941, chap. 24, par. 12-2,) a minimum of $150 per month. It is nowhere alleged in this count what they actually received, or the amounts they claimed to be due them. The only averment is that they received less than $150 per month. It is further alleged in this count as follows:

"That the defendants adopted the annual appropriation ordinance for the city of Kewanee prior to January 1, 1937, for the year 1937, at which time they made an appropriation generally for fire protection without itemizing specific purposes for which said appropriation was to be used, and a tax was levied subsequent thereto to meet the expenses of fire protection for the city of Kewanee, and that the defendants took the same steps for the years 1938, 1939, 1940 and 1941, and the petitioners say that there was and that there still is sufficient money on hand in the treasury of the city of Kewanee and available to the city of Kewanee to pay the sum necessarily required by the increases in the salaries of these petitioners and show that the sum required to meet the increases in pay provided by the statute hereinabove referred to will not exceed $25,000."

The prayer of the complaint was, that the city of Kewanee and the other appellants, as its officers, be compelled, by writ of *mandamus,* to pay to petitioners "from the funds available to them from the treasury of the city of Kewanee

and from other sources available to the said city of Kewanee the difference between the salary paid to them from July 13, 1937, to and including April 30, 1941, and the minimum wage of $150 per month, to appropriate in the annual appropriation ordinance for the year commencing January 1, 1942, any unpaid difference between the salary paid your petitioners between July 13, 1937, and April 30, 1941, and the minimum wage of $150 per month and to execute all vouchers and other instruments and documents necessary for the payment of said sums so appropriated and that a summons be issued against said defendants as provided by law and that such further order may be entered in the premises as justice may require."

Count two of this complaint is identical, except appellee Burns and fourteen other policemen are named as plaintiffs. This count alleges that the plaintiffs were employed as policemen for various terms set out in the count. It is alleged that they were entitled to receive, under the Policemen's Minimum Wage act, (Ill. Rev. Stat. 1941, chap. 24, par. 11-2,) a minimum of $150 per month. It is not alleged in the count, the amount they did receive or the amount claimed to be due them. The count concluded with the same prayer as count one. A joint motion was filed by appellants to strike each count of the complaint. The motion was overruled; the defendants refused to plead further and judgment was entered awarding the writ of *mandamus*. By the judgment the court found that plaintiffs were entitled to the writ of *mandamus* "as prayed in the complaint filed herein for the respective periods set opposite the names of the respective plaintiffs herein, as follows:

"Henry Kohler, from July 19, 1939, to November 1, 1940."

Then follows the names of all of the plaintiffs, followed by two dates, as stated above in connection with the name of Henry Kohler. The writ of *mandamus* was awarded commanding the defendants to pay each of the plaintiffs

the difference between the salary paid him for services rendered during the period set opposite the respective names of the plaintiffs. Then follows the names and the dates from and to, following each name as above mentioned. The judgment then concludes "and $150 per month and commanding said defendants herein to appropriate in the next annual appropriation ordinance, for the city of Kewanee, any unpaid salary due the above mentioned plaintiffs." This is followed by a judgment for costs against the defendants and awarding execution therefor, against all defendants, including the city.

From this judgment, this appeal was perfected by all of the defendants in the court below. The two cases have been consolidated for hearing in this court.

It is fundamental that a writ of *mandamus* will not issue unless the petitioner shows a clear legal right to the writ. A party cannot be compelled to perform an act by *mandamus* unless it is made to affirmatively appear that it is his clear duty to do so. The party who seeks to compel the performance of an act must set forth every material fact necessary to show that it is the plain duty of the one against whom the writ is sought to act in the premises, before the courts will interfere. *People ex rel. City of Chicago* v. *Board of Review,* 326 Ill. 124; *People ex rel. Patton* v. *Sellars,* 179 id. 170; *Hall* v. *People ex rel. Rogers,* 57 id. 307.

*Mandamus* lies to compel the performance of a statutory duty only when the right to it is clear and indisputable. One seeking a writ of *mandamus* must establish a clear legal right to the writ. *Mandamus* will not lie for the collection of debts, but is proper to enforce payment of a claim against a county or municipality ascertained to be due. (*People ex rel. Rude* v. *County of LaSalle,* 378 Ill. 578; *People ex rel Mason* v. *Reddick,* 181 id. 334; *People ex rel. German Ins. Co.* v. *Getzendaner,* 137 id. 234.) *Mandamus* is not proper where the right of the petitioner

must first be established or the duty of the officer sought to be coerced must first be determined. *People ex rel. Drainage Comrs.* v. *Dixon,* 346 Ill. 454; *Hooper* v. *Snow,* 325 id. 53.

Inasmuch as the burden was on appellees to show a clear legal right to the issuance of the writ of *mandamus,* we will first direct our attention to the sufficiency of the complaints. The record shows that no evidence was heard. Appellants, having elected to stand by their motions to strike, which challenged the sufficiency of the complaints, the court entered the judgments on the facts alleged, considered as admitted, because no answers were filed. In this state of the record, the propriety of the judgments entered depends upon the sufficiency of the facts alleged, which must be taken as true, insofar as such facts are properly pleaded.

Directing our attention first to the third count in the complaint in cause No. 26359, the substance of the allegations contained in that count, other than formal averments, is found in paragraph 5, which is hereinbefore set out at length. This is followed by the averment of a demand in paragraph 6. The allegation as to the demand is, "that demand has been made upon the city of Kewanee for the payment of the salary hereinabove stated to be due under the terms of the State law in effect from July 13, 1937, which should have been paid to each of your petitioners subsequent to July 13, 1937, and that the demand of petitioner Mauritz Bengson was made prior to his joinder as a plaintiff in this cause." It is then alleged that the demand had been refused.

Paragraph 8 of this count alleges that an annual appropriation ordinance was adopted for the year 1937 "at which time they made an appropriation generally for fire protection without itemizing specific purposes for which said appropriation was to be used, and a tax was levied subsequent thereto to meet the expenses of fire protection

for the city." It is further alleged "that the .defendants took the same steps for the year 1938 and for the year 1939" and "that there was and that there still is sufficient money on hand in the treasury of the city of Kewanee, and available to the city of Kewanee to pay the sum necessarily required by the increases in the salaries of these petitioners."

It will be noted that nowhere in this count is it alleged or stated what amounts are claimed to be due or what amounts have been received by petitioners for their alleged services. The only averment on this subject is found in paragraph 5, which simply alleges that they have been receiving *various sums* of money in amounts less than $150 per month. It cannot be determined from any averment in this count, the amount claimed to be due to the petitioners or either of them. These averments are wholly insufficient to state a definite liability against the city. They are too indefinite and uncertain to support the award of the extraordinary writ of *mandamus*.

This is also true as to the averments with reference to appropriations and funds on hand. It is too elementary to require the citation of authorities that a city cannot be compelled by *mandamus* to pay out funds in the city treasury, except for purposes for which such funds were appropriated. This would constitute a direct violation of the statute. Ill. Rev. Stat. 1937, chap. 24, pars. 101, 103; Ill. Rev. Stat. 1941, chap. 24, pars. 15-1, 15-2.

The averments contained in this paragraph of the complaint do not show that there are funds on hand, appropriated for the payment of salaries of the fire department and remaining in the treasury at the date the writ of *mandamus* was awarded. Even if the averments as to the appropriations for the years 1937, 1938 and 1939 could be held to be sufficient, as to the appropriations, the count is wholly lacking in any averment that any of said funds are in the treasury and unexpended. The averment is, that

there is still sufficient money on hand "and available" to the city of Kewanee to pay the sum required to cover the alleged increases in salaries claimed. Tested by all the rules of pleading in *mandamus,* this count does not show, by appropriate averments, that any specific amount of money is due to either of the plaintiffs or that any funds are on hand in the city treasury, appropriated for the payment of any such expenses. There are no facts properly pleaded in this respect which would entitle appellees to the writ of *mandamus.* The language of this count indicates a studied effort to avoid pleading facts, otherwise it could not be so bereft of positive averments.

Turning to the judgment awarding the writ of *mandamus,* it is equally indefinite and uncertain. The judgment directs that the writ awarded shall command the appellees to pay to each of the plaintiffs "the difference between the salary paid them for services rendered during the period from July 13, 1937, to, and including, April 30, 1939, and $150 per month, and commanding said defendants herein to appropriate, in the next annual appropriation ordinance, for the City of Kewanee *any unpaid* salaries due the plaintiffs." The judgment does not establish any claim or debt against the city. Before the defendants named in the judgment could comply with its mandate, they would have to ascertain the exact time each of the plaintiffs was employed, and the amount of payments made, over the whole periods referred to in the judgment. The effect would be to require an accounting as to each plaintiff concerning matters which might involve disputes and disagreements. The defendants are not directed by the judgment to do any specific thing, except to ascertain how much money, if any, the city owes to the plaintiffs and then to pay the amount. The wisdom of the rule requiring the debt and liability to be first ascertained and established before *mandamus* will issue to compel payment, or the appropriation or levy of taxes to obtain funds with which to pay the

same, clearly appears in this case. Giving to the judgment awarding the writ the most favorable construction, all it amounts to is a direction to the city of Kewanee to ascertain if it owes any debts to the plaintiffs and if so, how much; that if it finds that it does owe money to the plaintiffs, it pay same and that the city appropriate, in the next annual appropriation ordinance, *"any unpaid salary due the plaintiffs."* This is not in keeping with the functions of the writ of *mandamus*.

The question of whether a writ of *mandamus* may be properly awarded for the payment of a debt, established in the same suit, or whether such debt must be established in a prior suit, is not before us, and need not be decided. By the first and second counts in the amended complaint in this case, appellees sought to establish the alleged debts. These counts asked for a money judgment. The court sustained the motion to strike these counts because of the insufficiency of the allegations therein contained. By this action the court refused to establish the claims as money judgments. The judgment striking these counts has become final. No appeal was taken therefrom.

What is said above with reference to the sufficiency of count 3 in the amended complaint in No. 26359, applies equally to both counts contained in the complaint in No. 26432. The only difference is, these counts set out the specific periods for which each of appellees was alleged to have been employed as fireman and policeman. These dates of employment were also set out in the judgment. The counts, however, are wholly lacking in any averment as to the amounts which have been paid or the amounts alleged to be due. They fail to show that there were available funds in the treasury, which were appropriated for that purpose. The averments as to appropriations in the two counts in this case are identical with the averments contained in count three in the other case, as above set out. The prayer is that defendants be commanded to pay the alleged claims "from the funds available, to them, from

the treasury of the city of Kewanee, and from other sources available to the said city." The command to pay is the same in the judgment, in both cases. No amounts are fixed in the judgment, nor can any amounts be determined from the judgment or from anything alleged in the complaint. This is left wholly to future determination, and possibly litigation, which would involve a determination of the time employed and payments made, on account thereof as to each of the thirty plaintiffs, over a period of years. Such indefinite and incomplete pleadings cannot be made the basis of the issuance of a writ of *mandamus*. If appellees have any claims against the city of Kewanee, they should first have those claims ascertained and established. Ordinarily, this is done by way of a judgment at law. When the claims are once established, then if the city had funds available, appropriated for that purpose, and refused to pay the claims, *mandamus* would lie to compel the city to discharge its legal duty. If it did not have such funds available, appropriated for that purpose, and refused to make an appropriation or levy taxes, resort could be had to the writ of *mandamus* to compel the discharge of that duty.

This conclusion is not in conflict with our decision in *People ex rel. Gramlich* v. *City of Peoria,* 374 Ill. 313. In that case, the sufficiency of the complaint in this respect was not challenged. It was also admitted in that case that appropriations had been made from which the alleged claims could be lawfully paid. All other cases involving claims under the Firemen's and Policemen's Minimum Wage acts were actions at law and not in *mandamus.*

It is our conclusion that the facts alleged in the complaints in both cases were wholly insufficient to support the judgments entered. This makes it unnecessary to consider any other questions raised.

For the errors above pointed out the judgments in both cases are reversed.           *Judgments reversed.*