M. B. Lewis and Arnold Cohn, Plaintiffs-Appellants, v. Wetzel G. Harness as Treasurer of Canteen Township Sewer System, Defendant-Appellee.

Gen. No. 67–1.

Fifth District.

September 5, 1967.

Robert J. Harding, of East St. Louis, for appellants.

Thomas P. O'Donnell, of East St. Louis, for appellee.

MORAN, P. J.

This suit was commenced by the filing of a petition in two counts—Count I for a writ of mandamus, and Count II for a writ of injunction against Wetzel G. Harness, Treasurer of the Canteen Township Sewer System.

The trial court granted defendant's motion to dismiss and entered a final judgment dismissing said suit at plaintiffs' costs. Plaintiffs appeal.

Count I of plaintiffs' complaint alleges that appellants are residents and property owners in that portion of Canteen Township served by the Canteen Township Sewer System and that as such their property is subject to the rates and charges imposed under said system; that the charges for the sewer services are set forth in a township ordinance marked Exhibit A attached and made a part of the petition; that the defendant has repeatedly and consistently refused to accept legal tender (cash) for the payment of the sewer charges assessed against appellants' property and other property holders of the system; that the requirement of defendant that property owners pay such charges by money order or check imposes additional burdens on the property owners and is unjust and unreasonable. (It will be noted that appellants do not question the ordinance, but rather the actions of the Treasurer, acting pursuant to the ordinance.)

They prayed for a writ of mandamus from the trial court directed to defendant, Wetzel G. Harness as Treasurer of Canteen Township Sewer System, commanding him forthwith to accept legal tender of cash, in pay-

ment of all charges owing to him as such Treasurer now and at any time in the future, to accept without penalty, service charge or interest, the principal of all charges in said Canteen Township Sewer System which have been tendered in cash and refused by defendant or his employees.

Plaintiffs argue that they have a clear right under Count I to mandamus the defendant to accept cash in payment of all sewer bills, claiming that the Treasurer of the sewer system has a clear duty to accept cash as legal tender under the statutes of the United States and of the statutes of the State of Illinois. However, they did not rely upon or refer to any statute of the State of Illinois or of the United States in the trial court. Chapter 139, section 160.45 of Illinois Revised Statutes gives the Board of Town Auditors supervision and control of a sewer system and authority to establish all needful rules and regulations by ordinance. The bonding ordinance passed by the Board of Town Auditors which they attached to their complaint contained the following language: "All bills shall be payable by check or money order." It is undisputed that the defendant was acting pursuant to the aforesaid ordinance when he insisted that all sewer bills be paid by check or money order and that the defendant as Treasurer of the Canteen Township Sewer System is regulated in the conduct of his duties by the rules, regulations and ordinances adopted by the Board of Town Auditors of Canteen Township.

A proceeding for a writ of mandamus is an action at law and the pleadings are covered by the same rules that apply to other actions at law. (People v. Dixon, 346 Ill 454 at 460, 178 NE 914.) Since this judgment was entered by the court's granting of a motion to dismiss the complaint, the propriety of the judgment entered depends upon the sufficiency of the facts alleged, which must be taken as true. (Bengson v. City of Kewanee, 380 Ill 244 at 250, 43 NE2d 951.) However, the

petition must set forth the material facts on which the petitioner relies, distinctly, clearly and specifically, so that they may be admitted or traversed, and the allegations of the petition must show a clear right on the part of the petitioner to have performed, and a duty on the part of the persons sought to be coerced to perform the act or acts that it is sought to have commanded. (Osborne v. Bradford, 346 Ill 464 at 467–468, 179 NE 118; Bengson v. City of Kewanee, supra.) Mandamus is not proper where the right of the petitioner must first be established or the duty of the officer sought to be coerced must first be determined. (Bengson v. City of Kewanee, supra.)

■ By their complaint, appellants have asked the trial court to compel the respondent to adopt a method of acceptance of payment different from that provided in the ordinance, when they did not even question the validity of the ordinance. Since the defendant in the performance of his duties was not compelled to look beyond the ordinance which governed him in the execution of his duties, the petitioners do not show a clear and undisputable right to mandamus in this case. Therefore, although we construe Count I of appellants' petition most favorably to them, we conclude that it does not state a cause of action. The trial court was therefore correct in dismissing Count I of appellants' complaint.

In Count II of their complaint, petitioners reallege all of the allegations of Count I and in addition complain that defendant is attempting to assess penalties and service charges for delinquencies in excess of those prescribed by the ordinance. They pray that defendant be ordered to accept from petitioner payment in legal tender of the United States for all charges assessed or billed; that he be restrained from insisting upon the payment of charges in said sewer system in other than legal tender; that he be restrained from collecting and attempting to

collect any interest, penalty, or service charge for delinquency in excess of those prescribed by the ordinance.

Again, without questioning the validity of the ordinance requiring that "all bills shall be payable by check or money order," petitioners sought to invoke the equitable powers of the court to compel the defendant to adopt a method of acceptance of payment which would compel him to violate his duties under the ordinance. They also ask the court to invoke its equitable powers to compel the defendant to comply with the ordinance in assessing penalties for delinquencies when they have not tendered payment according to the terms of the ordinance.

In McLaurine v. Birmingham, 247 Ala 414, 24 So 2d 755, 163 ALR 962, it was held that one who admits that his automobile was illegally parked will be denied injunctive relief on account of unclean hands against the enforcement of an ordinance providing that illegally parked automobiles may be summarily impounded by the police. In that case, the Supreme Court of Alabama said at 163 ALR 965:

> It will also be observed that the complainant does not deny violating the parking ordinance in his bill, and does not allege that the city authorities propose to impound his car when he was not violating the city ordinance, and therefore he comes into court seeking equitable relief with respect to a situation where it is admitted, either expressly or impliedly, that he is violating the city ordinance fixing a time limit, whose validity is not questioned. A court of equity will not grant him relief under those circumstances whether or not the impounding ordinance or the manner of its enforcement may be in violation of certain features of the Constitution or law.

So, too, in the present case the appellants come into court seeking equitable relief against illegal treatment under

174

an ordinance in a situation where their pleadings indicate that they, themselves, have not complied with the ordinance. Under such circumstances, equitable relief will be denied. (Village of Lake Bluff v. Horne, 24 Ill App2d 343, 164 NE2d 217; Carolene Products Co. v. Evaporated Milk Ass'n, 93 F2d 202.) We come to this conclusion reluctantly because if the allegations of petitioners' complaint are true, the defendant is imposing penalties in excess of those provided by the ordinance.

For the foregoing reasons the judgment of the trial court of St. Clair County is affirmed.

Judgment affirmed.

GOLDENHERSH, J., concurs.

EBERSPACHER, J., dissenting.

I respectfully dissent from the opinion.

I do not consider that the language of our statute (c 139, § 160.45, Ill Rev Stats) which authorizes the Board of Town Auditors to supervise and control and establish all needful rules and regulations for a sewer system, by ordinance, is sufficiently broad to authorize an ordinance making ineffective the laws of the United States with reference to legal tender. 31 USCA § 392, §§ 451–463. While our General Assembly has provided that taxes may be paid in mediums other (warrants and orders) than those designated by Congress, (c 120, § 672, Ill Rev Stats) they have not said that any public officer shall refuse legal tender in the payment of charges or taxes. While our General Assembly has the power to prescribe the medium in which taxes shall be paid, People ex rel. Swartchild & Co. v. Carter, 376 Ill 590, 35 NE2d 64, People v. Board of Education, 349 Ill 291, 182 NE 383, our courts have never said the Illinois Statute permitting payment in other than legal tender as declared by Congress, excluded the right to payment by such legal tender;

175

neither have our Courts ever held that a municipality had the power to provide by ordinances, the medium in which charges or taxes should be paid, to the exclusion of the mediums provided either by the General Assembly or Congress.

To construe the ordinance here in question, which only provides for payment by check or money order, as excluding payment by legal tender, in my opinion makes the ordinance bad; it should be construed as permitting payment by check or money order in addition to payment by legal tender. "Where two constructions can be placed upon a statute or an ordinance, one of which will render it valid and the other invalid, it is the duty of the court to so construe the statute or ordinance that the same be held valid, if the court can reasonably do so." Bjork v. Safford, 333 Ill 355, 164 NE 699 at 701, 61 ALR 561; 37 Am Jur 829, Mun Corp, par 189. Under such construction it need not be directly attacked or questioned in order for plaintiffs' complaint to stand, since they have alleged that they tendered the amounts due in legal tender and defendant refused to accept the same. To me it is obvious that plaintiffs are contending that defendant was purportedly acting pursuant to the ordinance, but was really acting in accordance with the defendant Treasurer's interpretation of the ordinance, which was arbitrary and unreasonable.

Defendant here concedes that the rule is that unless authorized by statute a public officer has no authority to accept anything other than money in payment of any obligation due the State or a political subdivision thereof; 40 Am Jur, Payment, § 41. Even assuming that the ordinance was such statutory authority, it still is not authority for excluding the acceptance of legal tender. Furthermore, our Supreme Court held in Conkling v. City of Springfield, 132 Ill 420, 24 NE 67, that a municipal corporation or subdivision has no power by ordinance to direct the payment of taxes by a medium other than that

176

prescribed by Statute, and no Illinois Statute includes checks or money orders as payment for either taxes or charges; in fact a check for all purposes has been held to be only conditional payment.

Defendant contends, assuming the absence of statutory authority, both an express and implied contractual relationship between the parties, relying on Rockford Savings & Loan Ass'n v. City of Rockford, 352 Ill 348, 185 NE 623, and Rosborough v. City of Moline, 30 Ill App2d 167, 169, 174 NE2d 16, which held that a water user does not pay a tax, but has an obligation resting on contract, express or implied. Such argument completely overlooks language in those cases, pointing out that the rule is only applicable where the user has a free choice. Here plaintiffs are forced by the ordinance (section 3) to connect to the sewerage system or be subject to a fine each day. Under such circumstances there was no choice, and no contract. The theory of contractual relationship is to be applied only where the privilege of using the utility is optional at the choice or election of the property owner. Spalding v. Granite City, 415 Ill 274, 113 NE2d 567; Hartman v. Aurora Sanitary Dist., 23 Ill2d 100, 177 NE2d 214.

In addition to alleging the refusal of defendant to accept legal tender, plaintiffs have alleged that defendant, by the enforcement system used, has under the guise of a "service charge" added illegal charges to the bills. They point out that the charges made are neither reasonable nor authorized by the ordinance. They concede that the enforcement provisions of the ordinance are reasonable but object to the strained construction placed upon such provision. The ordinance provides in part:

"All sewer bills shall be due and payable ten days from the date such bills are rendered and a service charge equivalent to ten percent (10%) shall be added and collected if such bill is not paid within ten (10) days. If said delinquent sewer bill is not paid

within sixty (60) days further after said first ten (10) day period the superintendent of the Township of Canteen Sewer Department shall cause the sewer to be disconnected from said premises, the same shall not again be connected or used until all delinquent accounts and bills of services are paid in full, including a fee of $10.00 for reconnecting said sewer service plus expenses incurred in the reconnecting of the sewer service.

"If said delinquent sewer bill is not paid within sixty (60) days further after said first ten (10) day period, the Board of Town Auditors shall by resolution order the Township Treasurer to place a lien upon the premises for the amount of sewer service charges due to date."

Plaintiffs allege and point out that the charges which they have in past paid under protest and for which they have tendered in past in legal tender, consist not only of the 10% provided by the ordinance, but additional 10% charges on the bill and accrued service charges, compounded, and that they are threatened with their sewer service being disconnected to their irreparable damage, making their premises unsafe for habitation, and the implied threats of prosecution for misdemeanor, if they do not pay such illegal payments by check or money order. Defendant contends that under the authority of the ordinance he can compound the 10% monthly. The ordinance, in my opinion, clearly provides reasonable provisions for collection; a 10% charge for 10 days delinquency in payment, termination of service after 60 additional days with a lien. I do not consider it authority for the Treasurer to add a new 10% on the bill and service charge each month, or authority for proceeding in any method other than specifically provided for enforcement.

Defendant suggests that instead of action for mandamus or injunction, plaintiffs pay the excessive compound-

178

ed penalties under protest and then sue for their recovery. Such procedure would forfeit the point that defendant cannot refuse legal tender, and that point would become moot. Such procedure and remedy is not adequate, full or complete.

Where the action of the municipality or administrative agency was highly inequitable and most unfair and determined, a writ of mandamus was ordered to issue against the municipality or administrative agency and such action was affirmed on appeal. Catholic Foreign Mission v. Village of Glen Ellyn, 339 Ill App 565, 90 NE 2d 653; Frank v. Village of Lansing, 33 Ill App2d 1, 178 NE2d 415.

In U. S. v. White County Bridge Commission, 275 F2d 529 the court observed that mandamus or injunction

"traditionally may be used for enforcing or challenging official conduct." . . .

"The function of the equitable remedy of injunction . . . is preventive, prohibitory, protective or restorative, as the law and circumstances of the case warrant."

Mandamus lies to enforce the performance of statutory duties with respect to the assessment and collection of taxes where such omission has been specifically directed to the attention of the authorities and a demand for affirmative action has been ignored. People ex rel. Park Forest v. Cullerton, 13 Ill2d 575 at 580, 150 NE2d 589; People ex rel. Jones v. Webb, 256 Ill 364, 100 NE 224; People ex rel. Spiegel v. Lyons, 1 Ill2d 409, 115 NE2d 895.

A court of equity will direct its restraining power against the enforcement of an ordinance, if ground exists therefor, to prevent irreparable injury. Ehrlich v. Village of Wilmette, 361 Ill 213 at 221, 197 NE 567; Northern Pac. Ry. Co. v. Weinberg, 53 F Supp 133 at 139; Ex parte Young, 209 US 123, 28 S Ct 441, 52 L Ed 714, 13 LRA

(NS) 932, 14 Ann Cas 764; Eastern Oil Refining Co. v. Court of Burgesses, 130 Conn 606, 36 A2d 586.

I would reverse the judgment order dismissing the complaint.