DONALD A. PHELPS, Plaintiff-Appellant, *v.* FLOYD J. WILLIAMS, Defendant-Appellee.

(No. 70-154;

Second District—March 15, 1971.

William E. Schirger, of Rockford, for appellant.

Fearer & Nye, of Oregon, for appellee.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This is an appeal from a directed verdict and dismissal of the plaintiff's amended complaint.

Plaintiff brought a breach of contract action against the defendant for recovery of damages, based upon a written contract for the construction of a home. The complaint alleged that the terms of the contract provided that the defendant would furnish all work, labor and materials necessary, and would construct "said building and appurtenances in a workmanlike manner."

The testimony in the case-in-chief disclosed that the defendant built the home and was paid; that in addition to the home, the defendant built a retaining wall at the rear of the lot; that two days after the plaintiff moved into his home, the wall collapsed; that the defendant built another wall; that the second wall cracked and was about to collapse; and, that the replacement cost of the wall would be approximately $2400. At this point, the plaintiff rested his case and the defendant moved for a directed verdict which was granted by the court.

The complaint relied on the theory that the defendant was liable because the appurtenances to the house, which were alleged to be part of the written contract, included the original wall; that its replacement was improperly built; and that the defendant was liable for the cost of replacing the second wall. The only evidence introduced in relation to the contract, in addition to the contract itself, was the testimony of the plaintiff and the defendant, the latter testifying as an adverse witness.

Defendant explicitly stated that the wall was not included in the price of the home, that it was built voluntarily, and that the first wall was built after the house was constructed. Defense counsel asked defendant if the wall in question was a part of the contract and the defendant answered, "No." Plaintiff's counsel then asked defendant if the wall was an added inducement to build the house. Defendant said, "No, because he had it bought before I built the wall." Plaintiff testified, but never stated that a retaining wall was a part of the agreement. Plaintiff was not able to state when the wall was constructed. The specifications of the house are quite detailed but make no mention of the retaining wall, nor does the contract recite, "said building *and appurtenances* in a workmanlike manner."

This uncontradicted testimony, viewed in its aspect most favorable to the plaintiff, so overwhelmingly favors the defendant, that no contrary

verdict could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 510.) There was absolutely no proof that the wall was a part of the contract nor that the contract provided for the quoted section above, relied upon by the plaintiff; thus, there was no issue of fact to be determined by the jury as to whether the construction of the wall was done in a workmanlike manner. Since there was no proof of any agreement to construct a wall, plaintiff could not amend his pleadings in such manner as to prevent the granting of the motion for directed verdict. Ill. Rev. Stat. 1967, ch. 110, par. 46(3).

We next turn to a consideration of whether the trial judge properly dismissed the amended complaint. Over objection, leave to file an amended complaint was granted on the same day as the entry of the order granting the directed verdict. The trial court made no ruling until after the defendant had filed a "special limited appearance" objecting to the jurisdiction of the court to accept the amended complaint. The court later dismissed the amendment. We have already stated that Section 46(3) of the Civil Practice Act does not apply to the facts of this case. The other applicable portion of the Act is Section 46(1). This section permits amendments of a complaint prior to final judgment which change the pleadings in form or substance, in order to enable plaintiff to sustain the claim for which the action was intended to be brought. However, even viewing the facts in the light most favorable to the plaintiff, we still find the trial judge properly dismissed the amended complaint.

The only differences between the complaint and its amendment were that the amended complaint specifically stated that the retaining wall was a part of the contract and that the defendant both expressly and impliedly warranted that the construction was to be done in a workmanlike manner. The trial judge properly found that no new cause of action was stated and that there was no change in form or substance, when he said:

> "The amended complaint which plaintiff offered after the court's directed verdict, alleges the same matters as the original complaint, except that the plaintiff alleges in paragraph 2 that as part of the agreement defendant agreed to erect a retaining wall, which is patently incorrect upon the most cursory examination of Plaintiff's Exhibit 1. [the written contract]."

We note that, several times in his brief, plaintiff states that the refusal of the amended complaint denies plaintiff "his day in court." Plaintiff misinterprets the intent of Section 46. This section permits an injured party to have his "day in court," without being limited by technicalities of pleadings, but it was incumbent upon the plaintiff to first prove a cause of action before liberality of the Civil Practice Act could be applied. Hav-

ing failed to prove any duty on the part of the defendant to erect a retaining wall, the plaintiff cannot expect to recover damages for a breach of a non-existent duty. In this case, the plaintiff had his day in court.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.