THE PEOPLE *ex rel.* RICHARD DONNELLY, Plaintiff-Appellant, *v.* McHENRY COUNTY SHERIFF'S DEPARTMENT MERIT COMMISSION *et al.*, Defendants-Appellees.

Second District    No. 79-290

Opinion filed May 6, 1980.

Richard C. Kelly, of McGuire, Bishop & Kelly, of Crystal Lake, for appellant.

William J. Cowlin, State's Attorney, of Woodstock (Daniel A. Mengeling, Assistant State's Attorney, of counsel), for appellees.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

Richard Donnelly filed a petition for *mandamus* in the circuit court of McHenry County on October 27, 1978. The petition was amended and count II was added on December 28, 1978. Petitioner asserted in his complaint that the procedures utilized in his dismissal from his position of deputy sheriff of McHenry County did not conform to the requirements of the rules and regulations of the defendant commission. As relief, petitioner sought a writ of *mandamus* directing the commission to hold a hearing with respect to the presence of cause for petitioner's removal. Petitioner further requested that defendant sheriff, Arthur Tyrrell, be commanded to reappoint petitioner, and to pay him all back salary computed from the date of his improper termination.

A hearing on the petition was held on February 2, 1979. Following the presentation of petitioner Donnelly's evidence, the defendants moved for a directed verdict which the trial court granted, denying the writ of *mandamus*. Petitioner appeals, and we consider herein whether the trial court properly directed a verdict in favor of defendants, and denied the petition for a writ of *mandamus*.

The writ of *mandamus* is a summary writ issued from a court of competent jurisdiction which commands the officer to whom it is addressed to perform some duty to which the petitioner is entitled of right to have performed and which the party owing the duty has failed to perform. (*People ex rel. Council 19 v. Egan* (1977), 52 Ill. App. 3d 1042, 1044.) Since a writ of *mandamus* is considered an extraordinary remedy rather than a remedy of right, the party seeking the writ must show a clear legal right to the relief requested. (*Kramer v. City of Chicago* (1978), 58 Ill. App. 3d 592, 598.) Where a petitioner has established a clear right to

this writ, a court may in its discretion award *mandamus* as relief. (*Kramer*, at 598-99.) The petitioner in a *mandamus* action has the burden of establishing every material fact necessary to show the plain duty of the respondent before a court will interfere. *People ex rel. Council 19 v. Egan* (1977), 52 Ill. App. 3d 1042, 1045.

It is the petitioner's contention that his discharge was not effective because it was not done in accordance with the rules, regulations and procedures of the commission. The defendants assert, however, that the discharge was proper and the trial court properly directed a verdict because the petitioner did not show a clear right to receive *mandamus* relief.

As support for his contention that his discharge was improper, and that a hearing on the matter should have been held by the defendant commission, the petitioner relies solely on the rules, regulations and procedures of the McHenry County sheriff's department merit commission. Petitioner specifically relies on article III of the Rules, Regulations and Procedures, which reads in pertinent part:

"B. APPOINTMENT TO THE DEPARTMENT.

Applicants for appointment as Deputy Sheriff or Deputy Sheriff [matron] to the Sheriff's Department, in addition to meeting the standards prescribed by the Illinois Revised Statutes, concerning Deputy Sheriffs must:

\* \* \*

10. Serve successfully a one-year probationary period, *during which time he is subject to removal by the Sheriff with the consent of the Merit Commission. The Commission shall be notified by the Sheriff in writing of the cause of the appointee's removal.* \* \* \* "
(Emphasis added.)

Petitioner testified at the hearing that he was appointed a deputy sheriff of McHenry County and commenced his duties on or about April 24, 1977. He further testified that he was told by Captain Crabtree on March 13, 1978, that he was being discharged. The chairman of the McHenry County sheriff's department merit commission also testified at the hearing. He indicated in his testimony that he did recall receiving some correspondence pertaining to the petitioner's discharge, but he could not recall the exact date or month in which he received it. The minutes of the March 2 and April 6, 1978, meetings show that no action was taken at those meetings regarding petitioner's discharge. At the May 11, 1978, meeting, the commission voted unanimously in agreement with the sheriff's decision to terminate the petitioner.

Petitioner contends that his removal was not complete until the merit commission consented on May 11 to the action taken by the sheriff on March 13. Petitioner further contends that in the interim, he completed his

probationary period, should have been certified as possessing tenure, and any attempt to remove him as a deputy sheriff could then only be accomplished for cause following a hearing before the commission. The crux of our consideration, then, becomes whether the language of the Rules, Regulations and Procedures should be construed to require that the consent of the commission be given prior to the expiration of the probationary period in order to make the discharge by the sheriff effective.

No cases were discovered in the course of our research which have interpreted the exact consent language contained in this rule. Several similarly worded State statutes have been construed by the courts, however, in which the requirements for an effective discharge under those statutory provisions have been discussed.

Section 10—1—14 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 10—1—14), relating to civil service in cities, contained the following provision:

 " * * * Original appointment shall be on probation for a period not to exceed 6 months * * * . *At or before the expiration of the period of probation,* the head of the department or office in which a candidate is employed may, *by and with the consent of the commission, discharge him upon assigning in writing his reason therefor to the commission."* (Emphasis added.)

In *People ex rel. Charles v. Telford* (1977), 48 Ill. App. 3d 928, the court noted that although the decision to discharge a probationary employee may be discretionary, once the decision is made the procedure prescribed to effectuate a discharge must be strictly followed. The court noted that two things are required by section 10—1—14 to make the discharge of a probationer effective: (1) the assignment of a reason for the discharge to the commission and (2) the consent of the commission to the discharge. The court found the commission's consent regarding Charles' discharge was lacking because the commission had not met at any time to discuss his dismissal. Therefore, it was found that *mandamus* had properly issued in that cause.

The predecessor to section 10—1—14 of the Illinois Municipal Code (Ill. Rev. Stat. 1955, ch. 24½, par. 48), contained almost exactly the same language as the portion of section 10—1—14 quoted above. The language of that provision was considered in *People ex rel. Heffernan v. Smykal* (1957), 13 Ill. App. 2d 342. In discussing plaintiff Heffernan's contention that his discharge was not effective because he did not have notice of it until after the end of his probationary period, the court noted that under the Civil Service Act, there were two requirements for an effective discharge. Those requirements were stated to be: (1) that the department head report the reason for the employee's discharge to the civil service

commission and (2) that the commission consent thereto during the period of probation. The court found that the defendant in the *Heffernan* case had complied with those two requirements, and that therefore petitioner's discharge was effective.

■ We are not inclined, however, to apply the precedent of these cases to the instant case. We perceive that the language of the merit commission consent clause is much more ambiguous than that of the civil service commission. We determine this ambiguity may be resolved by reference to section 9 of the County Police Department Act (Ill. Rev. Stat. 1977, ch. 125, par. 109). This section provides in pertinent part:

> "The appointments to deputy sheriff in the county police department shall be made by the Sheriff * * * . All appointees shall serve a probationary period of 12 months and during that period may be discharged at the will of the Sheriff."

This provision of the Act has been in effect since October 9, 1969. In view of the fact the merit commission's Rules, Regulations and Procedures became effective June 8, 1970, we must assume they were adopted with knowledge of the sheriff's statutory ability to discharge appointees at will during the period of probation. We must conclude, therefore, that—unlike the language of section 10—1—14 of the Illinois Municipal Code which on its face and by virtue of judicial construction requires the consent of the civil service commission during the probationary period before the discharge of a probationer becomes effective—the consent required by the merit commission's Rules, Regulations and Procedures is a perfunctory ratification of the discharge already effected by the sheriff and need not be given during the probationary period. The chairman of the merit commission, Alexander MacArthur, testified he did recall receiving some correspondence regarding the petitioner's discharge; however, he could not recall the exact date on which he received it. A letter, purportedly from the sheriff's department to MacArthur notifying him of the petitioner's discharge, was referred to in the dialogue between the court and counsel for the petitioner and for the defendants during the hearing on the petition for writ of *mandamus.* Although the defendants' attorney had the letter in court, it was not offered into evidence. A copy of the letter, dated March 20, 1978, was attached to the defendants' brief as exhibit A. Arguably, therefore, the requirement that the sheriff report the cause of the appointee's removal to the commission in writing had been met. Further, MacArthur testified that at their May 11 meeting, all members of the merit commission voted in agreement with the sheriff's decision that Donnelly be terminated. It appears to us, therefore, that petitioner failed to show he had a clear right to have a hearing for cause before the merit commission or that the commission had a duty to hold such a hearing, or that the sheriff had a duty to reappoint him with back

pay, since the petitioner was discharged during his probationary period in compliance with the Rules, Regulations and Procedures of the merit commission and never possessed tenure. Our consideration of the record in the light most favorable to petitioner failed to yield any evidence which would tend to prove he was entitled to relief by the extraordinary remedy of *mandamus*. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494.) We conclude the trial judge properly entered a directed verdict in favor of the defendants, and did not abuse his discretion in denying *mandamus*.

The judgment of the circuit court of McHenry County is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and NASH, J., concur.