JAMES A. MACHINIS, Plaintiff-Appellant, v. BOARD OF ELECTION COMMISSIONERS FOR THE CITY OF CHICAGO, Defendant-Appellee.

First District (3rd Division)   No. 86—2699

Opinion filed December 9, 1987.

Regas, Frezados & Harp, of Chicago (Peter G. Frezados, of counsel), for appellant.

Michael Levinson, of Board of Election Commissioners, and Biggam, Cowan, Marquardt & Lunding, Chartered, both of Chicago (Charles M. Biggam, Jr., and James T. Rohlfing, of counsel), for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff-appellant, James A. Machinis, appeals from the trial court's granting of the motion of defendant, Board of Election Commissioners for the City of Chicago (Board), for directed findings in favor of defendant and against plaintiff on both counts of plaintiff's complaint. Plaintiff's complaint sought in count I a writ of *mandamus* directing defendant to pay plaintiff a sum for earned and accumulated vacation pay and administrative leave time (overtime) allegedly owed

to plaintiff as a result of plaintiff's employment by defendant. Count II sought a declaration of the rights and obligations of the parties arising from the employment relationship, including a declaration of the right of plaintiff to earned and accrued vacation time and administrative leave time (overtime).

For the reasons stated below, we affirm the judgment of the trial court.

The evidence at trial indicated the following. On April 15, 1980, at the request of defendant, plaintiff resigned from his employment. Plaintiff had been a full-time employee of the Board since 1941. At the time of his resignation, plaintiff held the position of assistant chief clerk, a "grade" 18 position, and earned yearly salary of $43,500. In addition to a salary, Board employees who held positions of grade 12 and above received administrative leave time (overtime), vacation time, and sick leave. As of April 1980, plaintiff had accumulated and earned 626½ days (5,012 hours) of administrative leave time, 320 days of vacation time, and 232½ days of sick leave.

Plaintiff was asked on April 2, 1980, to resign his position. Plaintiff testified that on April 3 or 4, 1980, he informed the chairman of the Board, Michael Lavelle, of his desire to use a portion of his accumulated sick leave to have a second eye operation. Plaintiff suffered from cataracts in both eyes. In July or August 1979 he had taken several sick days leave to have an operation on one eye. Plaintiff told Lavelle in December 1979 of his desire and intent to take off more time to have a second eye operation. Plaintiff stated that at that time Lavelle asked him to postpone the operation since there were some pressing matters at work that required his attention between January and March 1980. Plaintiff postponed the operation as a result of the chairman's request. On April 3 or 4, 1980, plaintiff again informed Lavelle that he wished to take sick leave for his second eye operation. At that time Lavelle responded that plaintiff should go ahead and do it and that "it would be taken care of."

Plaintiff stated that on the date of his resignation, he requested that he be given the vacation pay and administrative leave time that he had accumulated during his employment with defendant. After April 15, 1980, plaintiff underwent a second eye operation and was incapacitated for four to five months as a result. Plaintiff continued to receive his salary through March 1981. Plaintiff testified that he believed that the money he was receiving through March 1981 was part of his earned and accumulated vacation time and/or administrative leave time. Plaintiff later demanded that the balance of the accumulated administrative leave time and vacation time be paid to him; how-

ever, defendant refused to pay plaintiff further.

Loretta Birch, the Board's timekeeper, testified to the contents of defendant's records, which reflect the accumulated vacation, sick leave, and administrative leave in plaintiff's name. The number of hours accumulated by plaintiff is not in dispute. Michael E. Lavelle, chairman of the Board, testified that "administrative leave" is time that is made available to Board employees who are rated at grade 12 or higher in return for added or extra hours worked. Lavelle testified that the Board did not always give employees all of their accumulated administrative leave or vacation time. Lavelle stated that the Board had in the past denied accumulated administrative leave and vacation time to employees without negotiating with them. In some cases, Lavelle stated, the Board negotiated with employees in granting them administrative leave and vacation time. Lavelle admitted that in 1981 or 1982, the Board adopted written rules relating to personnel matters.

At the close of plaintiff's case, defendant moved for a directed finding, which the court denied. Defendant then rested and presented a written motion asking the court to reconsider its decision. The court then reconsidered its decision and entered directed findings against plaintiff on both counts of the complaint.

Plaintiff asserts on appeal that the trial court erred in granting defendant's motion for directed findings. First, plaintiff asserts that he established a clear right to a writ of *mandamus*. Plaintiff contends that during the time he was employed by defendant, there was in existence a policy by which employees were allowed to accumulate their earned and accrued vacation time, and employees rated grade 12 and above were allowed to earn and accumulate administrative leave. Further, the employees entitled to accumulate administrative leave were allowed to either use up the accumulated vacation and overtime or be paid for the time after their resignation or retirement from the Board. Additionally, plaintiff asserts that there was a policy that allowed employees to accumulate their sick leave and to take that accumulated sick leave as required at a later time for medical reasons.

Plaintiff points to a written policy of defendant that became effective October 13, 1981, 1½ years after the termination of his employment. The written policy establishes limitations on the amount of vacation, administrative, and compensatory time that employees may accumulate. The policy also provides an exception that present employees who, by reason of their many years of employment with defendant, have accumulated more than the maximum amount of hours will not be penalized by losing those hours. Plaintiff asserts that

a reasonable inference from the written policy establishes a prior unwritten policy of the Board, applicable to his employment period. Plaintiff also points to Lavelle's testimony that vacation pay is "earned," and Lavelle's comment that plaintiff's request for sick leave would be "taken care of." Plaintiff himself testified to the existence of the alleged policy. Plaintiff asserts that the evidence establishes the existence of the prior unwritten policy and therefore establishes his clear right to receive sums for accumulated vacation time, administrative leave time, and sick leave. Plaintiff asserts that therefore he is entitled to a writ of *mandamus* ordering defendant to pay those sums for accumulated work time.

■ A writ of *mandamus* is a summary writ issued from a court of competent jurisdiction which commands the officer to whom it is addressed to perform some duty to which the petitioner is entitled of right to have performed and which the party owing the duty had failed to perform. (*People ex rel. Council 19 v. Egan* (1977), 52 Ill. App. 3d 1042, 1044, 368 N.E.2d 481.) Since a writ of *mandamus* is considered an extraordinary remedy rather than a remedy of right, the party seeking the writ must show a clear legal right to the relief requested. (*Kramer v. City of Chicago* (1978), 58 Ill. App. 3d 592, 598, 374 N.E.2d 932.) Where a petitioner has established a clear right to this writ, a court may in its discretion award *mandamus* as relief. *Kramer v. City of Chicago* (1978), 58 Ill. App. 3d 592, 374 N.E.2d 932; *People ex rel. Donnelly v. McHenry County Sheriff's Department Merit Comm'n* (1980), 83 Ill. App. 3d 957, 959, 404 N.E.2d 1033.

■■ The petitioner in a *mandamus* action has the burden of establishing every material fact necessary to show the plain duty of the respondent before a court will interfere. (*People ex rel. Council 19 v. Egan* (1977), 52 Ill. App. 3d 1042, 1045, 368 N.E.2d 481.) When it is said that the writ of *mandamus* will only be granted where the right is clear and unequivocal, the expression does not refer to the evidence in the case but to the facts as the court finds them. (*People ex rel. First National Bank v. Czaszewicz* (1920), 295 Ill. 11, 128 N.E. 739.) If on the facts determined to exist on the evidence the plaintiff has a clear and unequivocal right to have the duty performed by defendant, the writ will issue regardless of a conflict in the testimony establishing such facts. (*Taylor v. Wentz* (1958), 15 Ill. 2d 83, 91, 153 N.E.2d 812.) Further, *mandamus* is not proper where the right of the petitioner must first be established or the duty of the officer sought to be coerced must first be determined. *Bengson v. City of Kewanee* (1942), 380 Ill. 244, 43 N.E.2d 951.

■ Additionally, we note that in nonjury cases, the defendant, at

the close of the plaintiff's case in chief, may move for a finding or judgment in his favor. In ruling on the motion, the court is to weigh the evidence and, if the ruling is favorable to the defendant, enter a judgment dismissing the action. (Ill. Rev. Stat. 1985, ch. 110, par. 2— 1110; *City of Evanston v. Ridgeview House, Inc.* (1976), 64 Ill. 2d 40, 57, 349 N.E.2d 399.) The court must consider all of the evidence, including any favorable to the defendant, and is to pass on the credibility of witnesses, draw reasonable inferences from the testimony, and generally consider the weight and the quality of the evidence. Contrary to the *Pedrick* standard (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504), the court in a trial without a jury is not to view the evidence in the light most favorable to the plaintiff. On appeal, the decision of the trial court should not be reversed unless it is contrary to the manifest weight of the evidence. Ill. Rev. Stat. 1985, ch. 110, par. 2—1110; *Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 154, 407 N.E.2d 43.

We find that plaintiff has failed to establish a clear right to be paid the sums for accumulated sick leave, vacation time, and administrative leave. The evidence in the instant case falls far short of showing the existence of a policy of defendant of paying its employees for the total number of accumulated work hours. (See *Arado v. General Fire Extinguisher Corp.* (N.D. Ill. 1985), 626 F. Supp. 506.) Plaintiff's own testimony regarding the alleged policy was contradictory. At one point, plaintiff stated that he was not aware of any policy of defendant. Later plaintiff stated that he was aware of some employees who took accumulated time prior to retirement; however, he was not aware how much leave time those employees took. Further, plaintiff stated that during his 38 years of employment with the Board, including his time as assistant chief clerk, he had never participated in any discussion or promulgation of any policy regarding employees' accumulated time. See *Long v. Arthur Rubloff & Co.* (1975), 27 Ill. App. 3d 1013, 1024-25, 327 N.E.2d 346.

Additionally, a report of the minutes of a January 8, 1980, meeting of the Board, admitted as an exhibit at trial, indicated that a report of employees' overtime, compensatory, and administrative time through 1979 was prepared and presented to the Board "for whatever purpose it may be used in later planning." While that document implies an accumulation of employee time, it fails to establish a policy of payment given to employees corresponding to the number of hours accumulated. The evidence fails to show that plaintiff had a clear right to be paid the sums he claimed were due him or that he was entitled to a writ of *mandamus.* Therefore, the trial court's directed finding

against plaintiff on count I of the complaint was proper. Its decision was not against the manifest weight of the evidence.

■ Plaintiff next asserts that the trial court's granting of a directed finding on count II of the complaint seeking declaratory relief is against the manifest weight of the evidence.

We note that the grant or denial of declaratory relief is discretionary. (*Howlett' v. Scott* (1977), 69 Ill. 2d 135, 142, 370 N.E.2d 1036, 1039.) Absent an abuse of that discretion, the trial court's determination will not be disturbed on appeal. (*Feeley v. Michigan Avenue National Bank* (1986), 141 Ill. App. 3d 187, 490. N.E.2d 15.) Nevertheless, the trial court's exercise of this discretion is subject to a searching appellate review and is not given the same deference as is the trial court's exercise of discretion in other contexts. *Chicago & Eastern Illinois R.R. Co. v. Reserve Insurance Co.* (1981), 99 Ill. App. 3d 433, 436, 425 N.E.2d 429, 432.

■ We find that the trial court did not abuse its discretion in denying plaintiff declaratory relief on count II. As stated above, plaintiff failed to establish the existence of the alleged Board policy on which he relies. Plaintiff's claim for declaratory relief regarding the rights of plaintiff and defendant arising from such a policy therefore must fail. As plaintiff failed to establish the policy which was the basis for his claim for declaratory relief, the trial court's granting of a directed finding in favor of defendant and against plaintiff on the declaratory judgment count was not contrary to the manifest weight of the evidence and will not be disturbed.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McNAMARA, P.J., and WHITE, J., concur.