**UNITED STATES ex rel. Shannon STEVENS, Petitioner,**

v.

**Paul KLINCAR, Acting Chairman of the Illinois Prisoner Review Board, Respondent.**

**No. 83 C 1455.**

United States District Court, N.D. Illinois, E.D.

July 8, 1983.

---

Shannon Stevens, pro se.

Neil F. Hartigan, Atty. Gen., State of Ill. by Maureen Cain, Asst. Atty. Gen., Chicago, Ill., for respondent.

## MEMORANDUM ORDER

BUA, District Judge.

Petitioner Shannon Stevens filed the instant petition for a writ of habeas corpus alleging that the actions of the Prisoner Review Board in denying him parole violated due process. Before the Court is the respondent's Motion for Summary Judgment. However, for the reasons stated herein, the Court finds that petitioner is entitled to summary judgment as a matter of law. *See, U.S. ex rel. Kimes v. Greer,* 527 F.Supp. 307 (N.D.Ill.1981); *Stamatiou v. United States Gypsum Company,* 400 F.Supp. 431, 440 (N.D.Ill.1975), *aff'd without opinion,* 534 F.2d 330 (7th Cir.1976); 10 Wright and Miller, *Federal Practice and Procedure,* § 2720 (1973). Any issues of material fact herein have been resolved in favor of respondent; accordingly, an evidentiary hearing is deemed unnecessary. *See,* Rule 8(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *Blackledge v. Allen,* 431 U.S. 63, 81–82, 97 S.Ct. 1621, 1632–33, 52 L.Ed.2d 136 (1977); *United States ex rel. Sanders v. Rowe,* 460 F.Supp. 1128, 1131 (N.D.Ill.1978).

Petitioner was convicted in the Circuit Court of Cook County on December 8, 1971

and is currently serving sentences of 25 to 50 years for rape and 4 to 14 years for deviate sexual assault. On October 21, 1982, following review of petitioner's file and a face-to-face parole hearing, the Prisoner Review Board of the State of Illinois denied petitioner parole. On December 14, 1982, petitioner filed a petition for a rehearing. Thereafter, petitioner filed for a Writ of Mandamus in the Illinois Circuit Court, Eleventh Circuit, requesting that the Director of the Illinois Prisoner Review Board provide petitioner with the factual information relied upon in the Board's denial of parole. Such petition was dismissed on June 8, 1983.

## I.

Respondent argues that the petitioner has failed to exhaust state remedies by allegedly failing to petition the Board for rehearing. Under a recent supervisory order of the Illinois Supreme Court, the Prisoner Review Board is directed to grant parole rehearing requests in light of *United States ex rel. William Scott v. Illinois Parole and Pardon Board,* 669 F.2d 1185 (7th Cir.1982) which controls the instant lawsuit and is discussed *infra.*

Had petitioner never filed a petition for a rehearing, this Court might agree that the instant habeas petition must be dismissed for failure to exhaust state remedies under *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). However, on December 14, 1982, petitioner *did* file a request for a rehearing. Nevertheless, respondent has failed to acknowledge such a request and has yet to take any action thereon. As more than six months have passed since the filing of the request, it is the opinion of this Court that the Parole Board's inordinate delay in acting upon or even acknowledging petitioner's request is unjustified.[1] Faced with such an unjusti-

---

1. Respondent has been remarkably dilatory throughout the instant litigation as well. For example, on May 4, 1983, respondent's counsel filed the Motion for Summary Judgment now pending, promising to file a memorandum in support thereof within the time allotted by

Local Rule 13, five days. Notwithstanding numerous promises by Assistant Attorney General Cain that a Motion to File Instanter would be made on various dates now passed to allow respondent to file the memorandum after the expiration of the five-day period, this Court has

fied delay, this Court may proceed to consider the habeas petition on its merits. *Lowe v. Duckworth,* 663 F.2d 42 (7th Cir. 1981).

## II.

Petitioner argues that in denying him parole the Illinois Parole Board used inappropriate criteria, amounting to a violation of the *ex post facto* clause of the U.S. Constitution, art. 1, §§ 9, cl. 3, 10, cl. 1. *Welsh v. Mizell,* 668 F.2d 328 (7th Cir.1982). Additionally, petitioner argues that by denying him parole without giving the reasons for such denial, the Parole Board denied his due process rights. *U.S. ex rel. Scott v. Illinois Parole and Pardon Board,* 669 F.2d 1185 (7th Cir.1982).

In denying petitioner parole, the Parole Board stated:

... In reviewing the Statement of Facts, the Board noted that you were convicted and sentenced to 25–50 years for rape and to 4–14 years for Deviate Sexual Assault. According to the Official Statement of Facts, you accosted a 15-year-old girl in an elevator as she was on her way to school. The statement, further, reveals that you forced her to disrobe, struck her, and forced her to submit to an act of sexual intercourse, and then committed an act of oral intercourse.

The Board acknowledges your excellent institutional adjustment while incarcerated at Pontiac. Your parole plans are also noted. However, after reviewing all the materials and all the pertinent information available to the Board, the members feel that you are not a fit person to serve your sentence outside the institution, therefore, your parole is denied and case is continued to the October, 1983 docket.

## A.

■ Petitioner first argues that the Parole Board's decision reflects the use of impermissible criteria in the denial of parole.

In 1972 the Illinois legislature enacted new criteria which were to be considered in a parole determination. Under these criteria, which took effect on January 1, 1973, parole is to be denied if:

(1) there is substantial risk that [the prisoner] will not conform to reasonable conditions of parole; or

(2) his release at that time would deprecate the seriousness of his offense or promote disrespect for the law; or

(3) his release would have a substantially adverse effect on institutional discipline. Ill.Rev.Stat. 1973 ch. 38 § 1003–3–5(c).

The first and third of the new criteria involved consideration of virtually the same factors as were taken into account before the new enactment. The new law, codified in part (2) represents a shift in focus, however, from special deterrence criteria, which look at the prisoner himself, to general deterrence criteria, which center on incarceration as a means of promoting general respect for the law. *Welsh v. Mizell,* 668 F.2d 328, 330, 331 (7th Cir.1982).

In *Welsh v. Mizell,* the Court held that application of general deterrence criteria to a prisoner who had committed the offense for which he had been incarcerated prior to the enactment of the new law had been subject to a violation of the *ex post facto* clause. In *Welsh,* the prisoner had been denied parole because release might deprecate the seriousness of the nature of his offense notwithstanding that exemplary conduct during his imprisonment might well have resulted in his release had the proper criteria been considered. The Court held that the nature of the prisoner's crime could not be used to defeat a showing of rehabilitation where only the latter criteria would have been considered at the time of the offense.

In the instant case, no such *ex post facto* violation is present. Under the Parole Board regulations in effect prior to the enactment of the 1972 criteria, the Board could conclude that a prisoner was not a fit

yet to receive any such memorandum, notwithstanding that it is now two months since the

motion was filed.

person to serve his sentence outside the penitentiary and could therefore deny parole. In the instant case, the Board did so determine. It does not appear that general deterrent criteria were applied to the petitioner; instead the inquiry properly focused upon the petitioner himself, thus utilizing the appropriate special deterrent standard. The Court therefore must conclude that no *ex post facto* violation occurred in connection with the Board's denial of petitioner's parole.

### B.

Petitioner's second argument is that the alleged failure of the Parole Board to give a sufficient reason for the denial of parole is a violation of his constitutionally protected liberty interest. Petitioner relies upon *U.S. ex rel. Scott v. Illinois Parole and Pardon Board,* 669 F.2d 1185 (7th Cir.1982) to support his position. In *Scott,* following the standards set out in *Greenholtz v. Inmates of the Nebraska Penitentiary,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the Court held that the Illinois parole scheme created "a legitimate expectation of parole entitled to some measure of constitutional protection." 669 F.2d at 1190. The Court further held that a statement of reasons for the denial of parole must be included to satisfy the minimum procedural requirements of due process. *Id.* at 1192. In so holding, the Court set out the specific standard to be applied by adopting the test used in *U.S. ex rel. Johnson v. Chairman of New York State Board of Parole,* 500 F.2d 925 (2d Cir.1974), in which the Court stated:

> To satisfy minimum due process requirements a statement of reasons should be sufficient to enable a reviewing body to determine whether parole has been denied for an impermissible reason or for no reason at all. For this essential purpose, detailed findings of fact are not required, provided the Board's decision is based upon consideration of all relevant factors and it furnishes to the inmate both the grounds for the decision … and the essential facts upon which the Board's inferences are based.

*Id.* at 934.

The *Scott* court added:

> *Johnson* … requires only that the inmate be told why his request for parole has been denied. This can be accomplished simply by informing him of what in his record was felt by the Board to warrant his denial and why.

669 F.2d 1185.

In *Scott* the Court concluded that based on the record before it, it was unable to determine whether permissible factors were utilized in the Board's denial of parole. In *Scott,* the Board simply recited "boilerplate" language in its decision. In another decision holding the Board's denial inadequate, *Horton v. Irving,* 553 F.Supp. 213, 215 (N.D.Ill.1982), the Court concluded that a statement by the Parole Board that "the risks involved in granting parole outweigh the factors in favor of granting parole," was "meaningless" and constitutionally inadequate. Similarly, in the case at bar the Board's "reasons" are mere conclusions and do not give any insight whatsoever in to the rationale behind such conclusions. Nothing in the decision informs petitioner of what in the record the Board felt warranted denial. That the Board concluded that petitioner is unfit to complete his sentence outside of the institution does not indicate what led to such conclusion and is a meaningless statement when it is considered that the factors set out by the Board, specifically petitioner's exemplary behavior and his parole plans, would appear to weigh in favor of parole.

That the *Scott* Court construed the Illinois parole scheme which was enacted in 1972 does not require this Court to make a separate determination as to whether the parole scheme in effect prior to 1972 created a due process interest in parole. In *Horton v. Irving,* 553 F.Supp. 213 (N.D.Ill. 1982), Judge Aspen, in considering this very issue, concluded that the Parole Board is bound to consider petitioners for parole under Illinois statutes and regulations currently governing parole release decisions except to the extent they are in violation of the *ex post facto* clause. 553 F.Supp. at 218. In so holding, the Court quoted *Weaver v. Graham,* 450 U.S. 24, 37 n. 22, 101 S.Ct.

960, 968 n. 22, 67 L.Ed.2d 17 in which the Court noted that when a court is directed to apply the law in place at the time of the prisoner's offense, "only the *ex post facto* portion of the new law is void as to petitioner, and therefore any severable provisions which are not *ex post facto* may still be applied to him." *Id.*

### *Conclusion*

Because the reasons given by the Illinois Parole Board do not comply with the minimum requirements of due process, summary judgment is entered in favor of petitioner and against respondent. The case is remanded to the Illinois Parole Board for a rehearing within sixty days which is consistent with this Order.[2]

IT IS SO ORDERED.

---

**2.** While petitioner has requested release, remand is the appropriate remedy. *Welsh,* 668 F.2d at 333.