**UNITED STATES ex rel. Richard MILONE, Petitioner,**

v.

**Jim GREER, Warden of Menard Correctional Center, and Paul Klincar, Chairman, Illinois Prisoner Review Board, Respondents.**

No. 83 C 8334.

United States District Court, N.D. Illinois, E.D.

March 23, 1984.

Jan Susler, Chicago, Ill., for petitioner.

Neil F. Hartigan, Atty. Gen., State of Ill. by Terence M. Madsen, Asst. Atty. Gen., Chicago, Ill., for respondents.

## MEMORANDUM ORDER

BUA, District Judge.

Before the Court is respondents' motion to dismiss the petition for a writ of habeas corpus on the ground that petitioner has failed to exhaust an available state court remedy. The Court agrees. Respondents' motion to dismiss therefore is granted and the petition for a writ of habeas corpus is denied without prejudice.

In 1973, Richard Milone was convicted of murder and sentenced to a term of imprisonment of 90 to 175 years. Milone is presently in the custody of the Illinois Department of Corrections at the Menard Correctional Center. On August 26, 1983, Milone appeared before the Prisoner Review Board and sought release on parole. The Prisoner Review Board entered the following order denying Milone parole:

This is the fourth parole hearing.

The file was reviewed, the resident interviewed as were his mother, father and brother. The many letters of employment offers were read as were objections by the State's Attorney of DuPage County and the Statement of Facts.

The Program and Supplemental Program Considerations were considered.

Resident is serving a 90–175 years sentence for the crime of murder committed in September, 1972. He was arrested in January, 1973. The resident pled not guilty. The case was tried without a jury and lasted many days. The finding was appealed to the Appellate Court without success.

At the parole hearing, Mr. Milone continued to insist he is innocent. His parents are also strongly of the same opinion. The Prisoner Review Board may not determine innocence and is bound by the court decisions.

It is noted that the trial judge, who heard the testimony, saw the witnesses and conducted the trial over an extended period believed a lengthy sentence would best serve the ends of justice.

Parole at this time would be premature and be risky to the public safety. Parole denied.

In his petition for a writ of habeas corpus before this Court, Milone argues that the Prisoner Review Board's decision to deny Milone parole violates the due process and *ex post facto* clauses of the United

States Constitution under the standards articulated by the Seventh Circuit in *United States ex rel. Scott v. Illinois Parole and Pardon Board*, 669 F.2d 1185 (7th Cir. 1982) and *Welsh v. Mizell*, 668 F.2d 328 (7th Cir.1982). Milone alleges that neither administrative nor state court remedies are available to seek review of the Prisoner Review Board and therefore requests this Court to grant his immediate release. The State, however, argues that Milone has failed to exhaust an available state court remedy, namely, petitioning the Illinois courts for a writ of mandamus.

■ The exhaustion requirement, codified in 28 U.S.C. § 2254(b) and (c) (1976), serves to minimize friction between the federal and state courts by allowing the state courts an initial opportunity to correct alleged violations of a state prisoner's constitutional rights. *See, e.g., Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam). Since state courts are "equally bound to guard and protect rights secured by the Constitution" (*Id.* at 3–4, 102 S.Ct. at 19), the exhaustion requirement is excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Id.* at 3, 102 S.Ct. at 19.

The Seventh Circuit has stated that "[a] petition for a writ of mandamus in state court must be exhausted where that proceeding was designed to protect the rights asserted." *Toney v. Franzen*, 687 F.2d 1016, 1021 (7th Cir.1982). In Illinois, "the writ of [m]andamus is a summary writ issued from a court of competent jurisdiction which commands an officer to perform some duty the law requires." *Hill v. Butler*, 107 Ill.App.3d 721, 63 Ill.Dec. 385, 437 N.E.2d 1307, 1313 (Ill.App.Ct.1982). *See also People ex rel. Heydenreich v. Lyons*, 374 Ill. 557, 567–68, 30 N.E.2d 46 (1940). Where a petitioner has established a clear right to the writ, a court may in its discretion award mandamus as relief. *Yasin v. Byrne*, 121 Ill.App.3d 167, 76 Ill.Dec. 683, 459 N.E.2d 320, 322–24 (Ill.App.Ct.1984);

*People ex rel. Donnelly v. McHenry County Sheriff's Department Merit Commission*, 83 Ill.App.3d 957, 39 Ill.Dec. 442, 404 N.E.2d 1033, 1034 (Ill.App.Ct.1980). Milone, however, relying upon a recent decision by Judge Marshall, argues that mandamus does not provide an adequate remedy for correction of alleged constitutional error by the Illinois Prisoner Review Board.

There is indeed considerable debate within this district as to whether the Illinois writ of mandamus is available to correct constitutional error allegedly committed by the Prisoner Review Board in denying inmates parole. *See United States ex rel. Smith v. McGinnis*, Nos. 83 C 1945 and 83 C 3358 (N.D.Ill. Jan. 10, 1984) (Marshall, J.) (holding that mandamus *is not* available remedy); *United States ex rel Williams v. DeRobertis*, No. 83 C 3679 (N.D.Ill. Oct. 6, 1983) (Grady, J.) (holding that mandamus *is* available state remedy); *United States ex rel. Sharp v. Klincar*, No. 82 C 7825 (N.D. Ill. Sept. 2, 1983) (Leighton, J.) (mandamus *is* available remedy); *United States ex rel. Johnson v. McGinnis*, 571 F.Supp. 270 (N.D.Ill.1983) (Shadur, J.) (mandamus *is not* available remedy); *United States ex rel. Barksdale v. Thompson*, No. 83 C 1946 (N.D.Ill. Apr. 14, 1983) (McGarr, J.) (mandamus *is* available remedy); *United States ex rel. King v. McGinnis*, 558 F.Supp. 1343 (N.D.Ill.1983) (Aspen, J.) (mandamus *is not* available remedy); *United States ex rel. Johnson v. Klincar*, No. 82 C 7036 (N.D.Ill. Mar. 16, 1983) (Roszkowski, J.) (mandamus *is* available remedy); *United States ex rel. Mitchell v. McComb*, No. 82 C 3962 (N.D. Ill. Mar. 7, 1983) (Decker, J.) (mandamus *is* available remedy). At least one of these decisions is presently before the Seventh Circuit on appeal. *See United States ex rel. Barksdale v. Thompson*, No. 83 C 1946 (N.D.Ill. Apr. 14, 1983), *appeal docketed*, No. 83–1982 (7th Cir. May 5, 1983).

Milone primarily relies upon Judge Marshall's recent decision in *United States ex rel. Smith v. McGinnis*, Nos. 83 C 1945 and 83 C 3358 (N.D.Ill. Jan. 10, 1984) in support of his argument that exhaustion

should not be required. After reviewing the split of authority within this district, Judge Marshall concluded that the Illinois writ of mandamus was not available for an Illinois prisoner to challenge alleged constitutional error in denial of parole. *People ex rel. Smith v. McGinnis, supra,* slip op. at 12. Judge Marshall reasoned that since a writ of mandamus, unlike a writ of habeas corpus, cannot provide release from custody, the writ of mandamus is not an adequate remedy which would require a prisoner to exhaust that remedy before filing a habeas corpus petition in federal court. *Id.* at 12–13. Neither did Judge Marshall view a lawsuit under 42 U.S.C. § 1983 as an adequate state remedy requiring exhaustion. *Id.* at 14.

█ This Court, however, holds that an Illinois writ of mandamus is a state remedy which is available to redress alleged violations of federal law by the Prisoner Review Board. The fact that mandamus cannot grant release of the prisoner from custody is of no consequence. Release from custody is not the appropriate remedy under a habeas corpus petition brought under either *United States ex rel. Scott v. Illinois Parole and Pardon Board,* 669 F.2d 1185 (7th Cir.1982) [1] or *Welsh v. Mizell,* 668 F.2d 328 (7th Cir.1982).[2] Rather, the remedy for violations of an inmate's rights under either *Scott* or *Welsh* is to remand the case to the Prisoner Review Board for reconsideration. *See Scott,* 669 F.2d at 1191; *Welsh,* 668 F.2d at 332–33. Therefore, the relief available under the Illinois writ of mandamus compelling the Prisoner Review Board to exercise its discretion in accordance with the law is the same relief available under a writ of habeas corpus issued by a federal court. Accordingly, the Illinois writ of mandamus is a state remedy available to Milone and, if constitutional error is shown, will afford Milone a rehearing before the Prisoner Review Board, the same

relief available in this Court. *See also United States ex rel. Williams v. DeRobertis,* No. 83 C 3679 (N.D.Ill. Oct. 6, 1983) (Grady, J.); *United States ex rel. Sharp v. Klincar,* No. 82 C 7825 (N.D.Ill. Sept. 2, 1983) (Leighton, J.); *United States ex rel. Barksdale v. Thompson,* No. 83 C 1946 (N.D.Ill. Apr. 14, 1983) (McGarr, J.); *United States ex rel. Johnson v. Klincar,* No. 82 C 7036 (N.D.Ill. Mar. 16, 1983) (Roszkowski, J.); *United States ex rel. Mitchell v. McComb,* No. 82 C 3962 (N.D.Ill. Mar. 7, 1983) (Decker, J.).

Having held that the Illinois writ of mandamus is available to Milone, the Court must next decide whether Milone must exhaust that remedy before this Court will consider the merits of Milone's claims. Generally, available state court remedies must be exhausted unless such remedies are "so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam). Considering this issue, Judge Marshall concluded that "the availability of state mandamus or any other state procedure to challenge the constitutional adequacy of reasons given for denial of parole is conjectural." *United States ex rel. Smith v. McGinnis,* Nos. 83 C 1945 and 83 C 3359, slip op. at 15 (N.D. Ill. Jan. 10, 1984). In support, Judge Marshall reasoned that "[w]e have not found any Illinois cases, nor have respondents cited any, that address whether mandamus is available to redress federal constitutional wrongs occurring in denial of parole." *Id.* at 6.

In this case, however, the State has submitted a recent order from the Illinois Circuit Court for the Fourth Judicial Circuit in which that court did consider and rule upon an inmate's constitutional claims resulting from the State's decision to deny him parole. *See Sharp v. Klincar,* No. 83 MR 65 (Ill. 4th Jud.Cir. Dec. 5, 1983). Although

---

**1.** *Scott* holds that a state's failure to provide an inmate with a satisfactory statement of reasons for denial of parole violates the inmate's due process rights.

**2.** *Welsh* holds that a state's application of criteria which reflect the principle of general deterrence in denying parole to an inmate who committed his crime before 1973 violates the *ex post facto* clause of the United States Constitution.

the court in *Sharp* ultimately rejected the inmate's constitutional claims and accordingly denied the petition for a writ of mandamus, it is clear that the court reached the merits of the inmate's constitution claims. The state court remedy of mandamus is therefore *not* so "clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981). Accordingly, Milone, like the inmate in *Sharp*, must first seek redress of his constitutional claims in state court before proceeding in this Court with a petition for a writ of habeas corpus.

■ Requiring exhaustion under these circumstances would also further the policy of minimizing friction between the federal and state court systems. The Illinois courts, "equally bound to guard and protect rights secured by the Constitution," should be allowed "an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3–4, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981). To excuse exhaustion under these circumstances would place federal trial courts in the undesirable position of reviewing all decisions of the Illinois Prisoner Review Board in which inmates claim constitutional error *before any Illinois authority has considered the claims.*[3] The Illinois courts are equally bound, under the Supremacy clause, to apply the standards articulated in *Scott* and *Welsh* when reviewing decisions of the Illinois Prisoner Review Board. This Court declines to rule that the Illinois corrective process is "so clearly deficient as to render futile any effort to obtain relief" (*Duckworth*, 454 U.S. at 3, 102 S.Ct. at 19) and therefore, in the interests of comity and federalism, will allow the Illinois state courts the first opportunity to correct alleged constitutional error in this case.

## CONCLUSION

Respondents' motion to dismiss is granted. The petition for a writ of habeas cor-

pus is denied without prejudicing petitioner's right to refile that petition after he has exhausted available state court remedies.

IT IS SO ORDERED.

---

3. This Court agrees with Judge Marshall's observation that "courts in this district have seen an increase in habeas petitions and civil actions challenging parole denials" since the Seventh Circuit's *Scott* and *Welsh* decisions. *Smith, supra,* slip op. at 4–5.