**UNITED STATES of America ex rel. Larry FULTON, Petitioner,**

v.

**James CHRANS, et al., Respondents.**

**No. 84 C 2197.**

United States District Court,
N.D. Illinois, E.D.

July 27, 1984.

Alfred L. Levinson, Palatine, Ill., for petitioner.

Neil F. Hartigan, Atty. Gen. of Ill. by Kenneth Fedinets, Asst. Atty. Gen., Chicago, Ill., for respondents.

MEMORANDUM ORDER

BUA, District Judge.

Before the Court is respondents' motion to dismiss the petition for a writ of habeas corpus on the ground that petitioner has failed to exhaust an available state court remedy. The Court agrees. Respondents' motion to dismiss therefore is granted and the petition for a writ of habeas corpus is denied without prejudice.

Larry Fulton is serving 100–300 years for murder. He has already served his sentence for aggravated battery. On November 17, 1983, Fulton appeared before the Illinois Prisoner Review Board and sought release on parole. The Illinois Prisoner Review Board entered an order denying Fulton parole, concluding:

> After considering all of the above facts, the panel did vote to deny release at this time because the members thought incarceration was warranted because of the seriousness of the offense and the violent action by Mr. Fulton which resulted in the death of a human being.

In his petition for a writ of habeas corpus before this Court, Fulton argues that the Prisoner Review Board's decision to deny Fulton parole violates the due process

clauses of the Fifth and Fourteenth Amendments of the United States Constitution. Fulton asserts that the statement made by the Illinois Prisoner Review Board failed to give adequate reasons for denying parole and that the statement is not based on the facts. Fulton takes issue with the "Official Statement of Facts" submitted by the Illinois State's Attorney's Office when he was convicted and first sent to prison. Fulton also asserts that the Board made no effort to check out discrepancies in the statement. Respondents, however, argue that Fulton has failed to exhaust an available state court remedy, namely, petitioning the Illinois courts for a writ of mandamus.

On March 23, 1984, this Court held that an Illinois inmate denied parole by the Prisoner Review Board must first seek redress of his constitutional claims in the Illinois courts before proceeding in this Court with a petition for a writ of habeas corpus. *U.S. ex rel. Milone v. Greer*, 581 F.Supp. 1251, 1255 (N.D.Ill.1984). Specifically, the Court held that the Illinois writ of mandamus is an available remedy to Illinois prisoners denied parole and must be exhausted before claims can be heard in the district court. *Id.* at 1254. The Court reasoned:

> To excuse exhaustion under these circumstances would place federal trial courts in the undesirable position of reviewing all decisions of the Illinois Prisoner Review Board in which inmates claim constitutional error *before any Illinois authority has considered the claims.*

*Id.* at 1255 (emphasis in original) (footnote omitted). In *Milone*, the Court recognized the split of authority within this district as to whether the Illinois writ of mandamus is a remedy that must be exhausted for due process claims challenging the Prisoner Review Board's rationales for denying inmates' parole requests. *Id.* at 1253.

Since this Court's decision in *Milone*, however, the Seventh Circuit has resolved the split of authority in favor of requiring exhaustion. In *U.S. ex rel. Johnson v. McGinnis*, 734 F.2d 1193 (7th Cir.1984), the Seventh Circuit held that the Illinois writ of mandamus is an available state court remedy which must be exhausted before an inmate denied parole may bring a petition for a writ of habeas corpus in the district court. *Id.* at 1200. Therefore, *Johnson* and *Milone* require petitioner to first file a petition for a writ of mandamus in the Illinois courts before this Court can consider the merits of his constitutional claims. *Cf. U.S. ex rel. Stevens v. Klincar*, 566 F.Supp. 335, 336 (N.D.Ill.1983) (remanding petitioner's claims to the Illinois Prisoner Review Board for reconsideration of inmate's parole request *after* inmate had exhausted Illinois mandamus action).

## CONCLUSION

Respondents' motion to dismiss is granted. The petition for a writ of habeas corpus is denied without prejudice and with leave to reinstate the petition once petitioner has exhausted available state court remedies.

IT IS SO ORDERED.